UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRESTON LEWIS,
     Plaintiff,

v.                                    Case No. 3:25cv1324/TKW/ZCB

SANTA ROSA COUNTY SHERIFF
OFFICE, et al.,
     Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, has filed a second amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 11). At the time he filed his second amended complaint, he was an inmate at the Escambia County Jail. (Doc. 11 at 2). Having reviewed the complaint, the Court believes dismissal is warranted because Plaintiff has not accurately disclosed his litigation history despite being required to do so.

The Local Rules for the Northern District of Florida require *pro se* prisoners in civil rights cases to file such cases using the Court-approved complaint form. *See* N.D. Fla. Loc. R. 5.7(A). The complaint form requires the disclosure of a prisoner's litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has held that

1

a prisoner's case may be dismissed without prejudice for failing to accurately disclose litigation history on the complaint form. *See McNair v. Johnson*, 143 F.4th 1301, 1307-08 (11th Cir. 2025) (affirming "[d]ismissal without prejudice [as] an appropriate exercise of the district court's inherent authority to manage its docket and enforce the local rules" where the plaintiff "violated the local rules by failing to disclose his full litigation history, as required by the duly adopted standard complaint form").[1]  Dismissal is appropriate, even if the prisoner claims that a misunderstanding caused his failure to accurately disclose his litigation history. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x

---

[1] Many unpublished Eleventh Circuit cases say the same thing. *See, e.g.*, *Allen v. Santiago*, No. 22-11946, 2023 WL 5745494, at \*1 (11th Cir. Sept. 6, 2023) (affirming dismissal of *pro se* plaintiff's case because he failed to disclose all of his relevant prior litigation); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at \*3 (11th Cir. July 1, 2022) (stating that "[a] plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal"); *Jones v. Szalai*, 778 F. App'x 847, 848 (11th Cir. 2019) (affirming dismissal of *pro se* plaintiff's case as an appropriate sanction for plaintiff's failing to disclose a prior case on the complaint form); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case because he misrepresented the number of cases he had previously filed in the district court); *Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case after he failed to disclose a habeas action because the habeas action fell "squarely within the complaint form's disclosure requirements").

221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal courts. (Doc. 1 at 17-20). Question A of the Prior Litigation section asked Plaintiff if he "had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" (*Id.* at 17). Plaintiff checked "No" in response to Question A and disclosed no cases. (*Id.*).

At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." (*Id.* at 20). Plaintiff, therefore, certified that—at the time he filed his amended complaint in this case on February 9, 2026—he had fully disclosed his litigation history.

The Court has researched Plaintiff's litigation history and discovered that he failed to accurately disclose it. According to the Public Access to Court Electronic Records (PACER) system and this Court's

3

Case Management/Electronic Case Files (CM/ECF) system, Plaintiff had filed at least the following undisclosed actions:

- *Lewis v. Pensacola Police Department, et al.*, Case No. 3:24cv457/TKW/HTC (N.D. Fla.) (dismissed prior to service) (closed November 25, 2024).

- *Lewis v. Barrons Prperty Managers Inc.*, Case No. 3:24cv432/MCR/HTC (N.D. Fla.) (dismissed as frivolous and prior to service) (closed February 3, 2025).

- *Lewis v. Aldi Inc., et al.*, Case No. 3:24cv622/TKW/ZCB (N.D. Fla.) (dismissed for failure to state a claim upon which relief may be granted and prior to service) (closed May 16, 2025).

- *Lewis v. Santa Rosa County Sheriff Office, et al.*, Case No. 3:24cv499/MCR/HTC (N.D. Fla.) (dismissed prior to service) (closed July 30, 2025).

- *Lewis v. Wetherell, et al.*, Case No. 3:25cv879/MCR/HTC (N.D. Fla.) (dismissed as frivolous and prior to service) (closed December 15, 2025).

- *Lewis v. City of Pensacola et al.*, Case No. 3:25cv1265/TKW/ZCB (N.D. Fla.) (dismissed prior to service) (closed December 15, 2025).

Because the undisclosed actions were "case[s] in federal court . . . dismissed as frivolous, . . . , for failure to state a claim, or prior to service" these cases should have been disclosed in response to Question A of the litigation history section. (Doc. 11 at 17). But Plaintiff failed to reference these cases anywhere in his complaint.

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (stating that *pro se* litigants "owe the same

5

duty of candor to the court as imposed on any other litigant"). As another judge on this Court has explained: "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose. And word does get around the prisons." *Rodriguez v. Inch*, No. 4:19cv191, 2020 WL 3050231, at *1 (N.D. Fla. June 8, 2020); *see also Strickland*, 739 F. App'x at 588 ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources.").[2]

---

[2] Plaintiff's failure to investigate his litigation history prior to filing this case does not excuse his inaccurate disclosure. *See Bashir v. Meherg*, No. 5:22cv142, 2022 WL 4471965, at *1 (N.D. Fla. Sept. 26, 2022) ("The Court did not overlook Plaintiff's argument that he does not have access to PACER to research his prior cases and, as a result, he had to rely on his memory to recall his litigation history. Even if that is true, it does not excuse Plaintiff's untruthful answers to the litigation history questions on the civil rights complaint form because, like every other inmate, Plaintiff has an obligation to maintain information (or at least a list of case numbers) for all of his prior cases, and if he does not have that information, he can (and should) request it from the appropriate clerks' offices before filing a new case.") (cleaned up).

As detailed above, Plaintiff misstated his prior litigation history on the complaint form. Consistent with the Eleventh Circuit precedent previously cited and the Local Rules, this matter should be dismissed without prejudice.[3]  *See McNair*, 143 F.4th at 1307-08 (affirming dismissal without prejudice where *pro se* prisoner failed to accurately disclose his litigation history as required by the Court-approved complaint form and the Local Rules); *see also* N.D. Fla. Loc. R. 41.1 (authorizing dismissal for a party's failure to comply with an applicable rule or order).

Accordingly, it is respectfully **RECOMMENDED** that:

1.  This case be **DISMISSED without prejudice** under the Court's inherent power to manage its docket and enforce the Local Rules, based on Plaintiff's failure to truthfully disclose his litigation history.

2.  The Clerk of Court be directed to enter judgment accordingly and close this case.

---

[3] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would be an inadequate sanction. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially).

At Pensacola, Florida, this 4th day of May 2026.


/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

8