**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**PRESTON LEWIS,**

    **Plaintiff,**

**v.**                                 **Case No.  3:25-cv-1324-TKW-ZCB**

**SANTA ROSA COUNTY SHERIFF**
**OFFICE, et al.,**

    **Defendants.**

_____/

## <u>ORDER</u>

This case is before the Court based on the magistrate judge's Report and Recommendation (R&R) (Doc. 13) and Plaintiff's objection (Doc. 14).  The Court reviewed the issues raised in the objection de novo under 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed based on Plaintiff's failure to truthfully disclose his litigation history.  *See McNair v. Johnson*, 141 F.4th 1301, 1308 (11th Cir. 2025)

The Court did not overlook Plaintiff's argument that dismissal is not justified because the magistrate judge did not find "bad faith" or consider whether "lesser sanctions" would be sufficient.  Even if those findings are required when dismissal

Page 1 of 3

is <u>without</u> prejudice,[1] the magistrate judge's determination that Plaintiff failed to "truthfully" disclose his litigation history is akin to a finding of bad faith because it is simply another way of saying that Plaintiff intentionally misrepresented and/or lied about his litigation history.  Moreover, although the magistrate judge did not explicitly discuss the inadequacy of lesser sanctions, he implicitly did so through the cases cited on pages 5 and 6 of the R&R.

The Court also did not overlook Plaintiff's argument that dismissal is not mandatory under *McNair*.  However, even if that is true, *McNair* supports dismissal here.  Indeed, as was the case in *McNair*, (1) Plaintiff "affirmatively misrepresented his litigation history" by falsely stating that he had no cases responsive to the litigation history questions on the civil rights complaint form, and (2) the magistrate judge found that Plaintiff's misrepresentation of his litigation history amounted to an abuse of the judicial process by thwarting the purposes served by the litigation history questions and diminishing the efficiency of the judicial system.

Accordingly, it is **ORDERED** that:

1.    The magistrate judge's R&R is adopted and incorporated by reference in this Order.

---

[1]  Plaintiff suggests in passing that the dismissal without prejudice may operate as a dismissal with prejudice if the statute of limitations expires, but he does not affirmative argue that the statute of limitations has expired and it does not appear to have expired because the events described in the complaint occurred in November 2023.

2.    This case is DISMISSED without prejudice under the Court's inherent authority based on Plaintiff's failure to truthfully disclose his litigation history.

3.    The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE AND ORDERED** this 26th day of May, 2026.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**